IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICKIE DENNARD, SHARI LEWAN, JESSICA VANDENBOSCH, STEPHEN SLEEM, DERECK JOHNSON, LINDA DAVAULT, DR. TERRELL REHMUS, JACQUELINE CLEGG, REGINA LANGLEY, and GERALD KREUTZER, | |
| Plaintiffs, | No. 22-cv-02836 |
| v. | Judge John F. Kness |
| ASTELLAS PHARMA US, INC., and ASTELLAS PHARMA GLOBAL DEVELOPMENT, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case centers around healthcare employees who refused to comply with their employer's mandatory COVID-19 vaccination policy. The employees claimed their religious beliefs prohibited them from receiving the vaccination, but their requests for a religious exemption were rejected by Astellas, their employer. The employees were eventually terminated, and they bring two counts against Astellas in this case. Count I alleges that Astellas violated the Illinois Health Care Right of Conscience Act (the "HCRCA"), which protects individuals from receiving or performing health care services that violate their conscience. Astellas moves to dismiss Claim I, arguing that § 13.5 of the HCRCA, which exempts COVID-19

vaccination policies from its coverage, disposes of the claim. Plaintiffs argue in response that § 13.5 is unconstitutional. Count II alleges religious discrimination in violation of Title VII. Astellas moves to compel discovery in Count II.

On May 2, 2024, Plaintiffs Shari Lewan, Jessica Vandenbosch, Stephen Sleem, Dereck Johnson, Linda Davault, Dr. Terrell Rehmus, Jaqueline Clegg, Regina Langley, and Gerald Kreutzer (together, the "Settling Plaintiffs") filed a joint stipulation of dismissal. (Dkt. 73.) That stipulation results, by the operation of Rule 41(a)(1) of the Federal Rules of Civil Procedure, in the dismissal of the case with prejudice as to the Settling Plaintiffs. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011). Because the pending motion to compel discovery applied only to the Settling Plaintiffs, the motion to compel discovery (Dkt. 61) is dismissed as moot.

For the reasons that follow, Astellas's motion to dismiss is granted in part and entered and continued in part as to Plaintiff Nickie Dennard. As explained more fully below, § 13.5 of the HCRCA precludes Plaintiff Dennard's claim. But Plaintiff's constitutionality argument survives for now, pending, as discussed below, the filing and service of the constitutional question to the appropriate attorney general.

I.  BACKGROUND

Plaintiff Nickie Dennard, the sole remaining plaintiff in this case, filed this lawsuit against Defendants Astellas Pharma US, Inc. and Astellas Pharma Global Development, Inc. (collectively, "Defendants" or "Astellas") alleging a violation of the Illinois Health Care Right of Conscience Act, 735 ILCS 70 (Count I) and a violation of Title VII, 42 U.S.C. § 2000e (Count II). (Dkt. 32.)

2

Plaintiff is a pharmaceutical professional who was employed by Astellas for eleven years as an Executive Medical Specialties Representative. (Dkt. 32 ¶¶ 2, 7.) On October 5, 2021, Astellas announced that all U.S. employees were required to be vaccinated as a condition of employment, despite previous assurances that COVID-19 vaccinations would not be required for employees. (*Id.* ¶¶ 33–36, 41.) Astellas allowed employees to obtain a religious exemption from the vaccination requirement if they completed a "Religious Accommodation Request Form" and a "Religious Leader / Attestor Certification Form." (*Id.* ¶ 48.) Upon receiving the forms, Astellas would "assess accommodation requests on a case-by-case basis" through an "interactive process." (*Id.* ¶ 42; Dkt. 1-3 at 2.) Astellas would offer reasonable accommodations "where it does not create an undue hardship," but unvaccinated employees who were not granted an accommodation would be placed on unpaid leave and later terminated. (Dkt. 32 ¶ 42; Dkt. 1-3 at 2.)

Plaintiff completed the required forms to request a religious exemption. (Dkt. 32 ¶ 49.) The foundation of this exemption request was Plaintiff's sincerely held religious belief "rooted in the Scriptures." (*Id.* ¶ 72.) Plaintiff believed that getting a COVID-19 vaccine was "an affront to Scripture's teaching that all life is sacred," because all COVID-19 vaccines "were derived from, produced, manufactured by, tested on, developed with, or otherwise connected to aborted fetal cell lines." (*Id.* ¶¶ 72, 73.) Astellas preemptively denied Plaintiff's exemption request because "allowing an accommodation to the vaccination requirement in your circumstance would present an undue hardship to [Astellas] due to the public-facing nature of your

3

role and continuing threat posed by the COVID-19 pandemic." (*Id.* ¶¶ 49–50, 56.) Plaintiff was placed on unpaid leave and eventually terminated. (*Id.* ¶ 61.)

Plaintiff filed this lawsuit to address Astellas's alleged discrimination against her. (Dkt. 32 ¶ 1.) Plaintiff brings two counts against Defendants. Count I alleges a violation of the HCRCA, which makes it unlawful for an employer to "discriminate against any person . . . because of such person's conscientious refusal to . . . participate in any . . . particular form of health care services contrary to his or her conscience." 745 ILCS 70/5. Defendants moved to dismiss Count I, arguing first that the HCRCA does not apply to Plaintiff, and then arguing that § 13.5 of the HCRCA precludes Plaintiff's claim. (Dkt. 44.) Section 13.5 exempts an employer's COVID-19 prevention measures from the HCRCA. 745 ILCS 70/13.5.

Count II alleges religious discrimination in violation of Title VII. Defendants did not move to dismiss Count II, but Defendants did not file an answer to Count II. But because it appears that the parties are proceeding with discovery in Count II in good faith, Defendants' failure to answer Count II was likely an oversight. (*See* Dkts. 57; 68.) Defendants must therefore file an answer to Count II on or before October 21, 2024.

## II. STANDARD OF REVIEW

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

4

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

### III. DISCUSSION

Astellas moves to dismiss Count I of the Complaint on the grounds that the HCRCA only protects health care providers and patients, not employees, and that even if the HRCRA does protect Plaintiff, § 13.5 of the HCRCA explicitly exempts COVID-19 vaccination policies from HCRCA protections. (Dkt. 45 at 4–13.) Plaintiff disagree, arguing that the HCRCA does protect employees, and § 13.5 does not apply because it substantively changes the law and cannot retroactively apply to her. (Dkt. 48 at 1–13.) Plaintiff also argues that § 13.5 violates the Illinois Constitution and the U.S. Constitution. (*Id.* at 12 n.4; Dkt. 49 at 10–13.) As explained more fully below, the HCRCA protects employee Plaintiff, but § 13.5 removes Plaintiff from its protection; accordingly, Plaintiff cannot plausibly state a claim under the HCRCA. But it is premature for this Court to decide whether § 13.5 is unconstitutional until Plaintiff complies with Rule 5.1 of the Federal Rules of Civil Procedure.

5

### A.   The HCRCA Applies to Plaintiff

The Illinois HCRCA respects and protects "the right of conscience of all persons who refuse to obtain, receive or accept, or who are engaged in, the delivery of, arrangement for, or payment of health care services and medical care whether acting individually, corporately, or in association with other persons . . . ." 745 ILCS 70/2. Section 5 of the HCRCA provides that it is "unlawful for any institution to discriminate against any person in any manner because of that person's conscien[tious] refusal to receive health care services contrary to her conscience." *Lenz v. Advocate Health & Hosps. Corp.*, 2023 IL App (1st) 230740, ¶ 10 (citing 745 ILCS 70/5). Astellas argues that the HCRCA was never intended to "apply to employers' vaccination polic[ies]" but was "enacted for the protection of health care providers and patients relating to the treatment of patients." (Dkt. 45 at 6.) Plaintiff responds that the plain language of § 5 of the HCRCA protects "all persons"—not just healthcare providers and patients—from discrimination for refusal to "receive health care services" such as a COVID-19 vaccination. (Dkt. 48 at 3–4; Dkt. 49 at 2–4.)

Astellas relies on several cases within this District and the Seventh Circuit that purportedly hold that the HCRCA is limited to health care providers and patients. (*See* Dkt. 45 at 6–8.) But Astellas's reliance on these cases is misguided, because none involve employees as plaintiffs; rather, all involve health care providers and say nothing about whether the HCRCA applies to employees. *See Nat'l Inst. of Fam. & Life Advocs. v. Schneider*, 484 F. Supp. 3d 596 (N.D. Ill. 2020) (applying the HCRCA to nonprofit pregnancy centers); *Nat'l Inst. of Fam. & Life Advocs. v. Rauner*,

6

No. 16 C 50310, 2017 WL 11570803 (N.D. Ill. July 19, 2017) (again applying the HCRCA to nonprofit pregnancy centers); *Free v. Holy Cross Hosp.*, 505 N.E.2d 1188 (Ill. App. Ct. 1987) (applying the HCRCA to a nurse).[1]

On the contrary, courts in this District have repeatedly disposed of cases under the HCRCA that involved non-health care provider and non-patient plaintiffs. *See, e.g.*, *Carrero v. City of Chi.*, No. 23-cv-00650, 2024 WL 22099 (N.D. Ill. Jan. 2, 2024) (applying the HCRCA to a tree trimmer for the City of Chicago); *Snyder v. Chi. Transit Auth.*, No. 22 CV 6086, 2023 WL 7298943 (N.D. Ill. Nov. 6, 2023) (applying the HCRCA to an employee of the Chicago Transit Authority); *Krewionek v. McKnight*, 2022 IL App (2d) 220078 (applying the HCRCA to hospital office staff). Accordingly, the HCRCA protects Plaintiff as an employee of Astellas.

B.     **Section 13.5 of the HCRCA Disposes of Plaintiff's Claim**

Astellas argues that even if the HCRCA does apply to Plaintiff as an employee, § 13.5 is an absolute bar to Plaintiff's claim. Section 13.5 of the HCRCA took effect on June 1, 2022 (one day after Plaintiff filed this action) and applies to "all actions commenced or pending on or after the effective date" of the HCRCA. 745 ILCS 70/13.5. Section 13.5 provides that it is not a violation of the HCRCA for an institution to "take any measures or impose any requirements . . . intended to prevent

---

[1] Defendants also cite *Lukaszcyzk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022) in support of their argument. But *Lukaszcyzk* does not address the matter of whether the HCRCA covers only healthcare providers and patients. The Seventh Circuit held that the *Lukaszcyzk* plaintiffs could not prove that local vaccine mandates violated the HCRCA as a facial matter, a conclusion that has nothing to do with the scope of the HCRCA. *Id.* at 608.

7

contraction or transmission of COVID-19 . . . [or] to enforce such measures or requirements." *Id.*

There is no ambiguity in the language of § 13.5 of the HCRCA. By its plain terms, it is "not a violation of the [HCRCA] for any public or private corporation of entity to take any measure, or impose any requirements, intended to prevent contraction or transmission of COVID-19 . . . nor it is a violation of the Act to enforce such measures or requirements." *Lenz*, 2023 IL App (1st), ¶ 14. Plaintiff does not dispute that Astellas's mandatory COVID-19 policy was a measure to prevent the transmission or contraction of COVID-19. Plaintiff acknowledged that Astellas's vaccination policy was meant to "safeguard the health of [Astellas's] patients, partners, and employees." (Dkt. 32-2 at 2.) Plaintiff recognized that the mandatory vaccination policy was a "safety measure[]," and she maintained a willingness to comply with reasonable vaccination alternatives such as surveillance testing or wearing a face covering. (Dkt. 32 ¶¶ 93–97.) Plaintiff's claim thus falls squarely within the purview of § 13.5.

Defendants argue that § 13.5, by its plain text, "undoubtedly applies to Astellas'[s] Vaccination Policy" and "defeats" Plaintiff's HCRCA claim. (Dkt. 50 at 3.) Plaintiff argues that § 13.5 cannot apply to her claim. According to Plaintiff, § 13.5 is an unlawful substantive change in the HCRCA that directly conflicts with its "original plain text," rather than a clarification or declaration of existing law. (Dkt. 48 at 7–9; Dkt. 49 at 5–6.) As an unlawful substantive change in the law, Plaintiff

8

argues that § 13.5 should not retroactively apply to her. (Dkt. 48 at 10–13; Dkt. 49 at 8–10.)

The Illinois legislature directly addressed Plaintiff's arguments in the language of the statute: "This Section is a declaration of existing law and shall not be construed as a new enactment. Accordingly, this Section shall apply to all actions commenced or pending on or after the effective date of this amendatory Act." 745 ILCS 70/13.5. Illinois appellate courts and courts within this District have also addressed this issue and have held that "Section 13.5 is a declaration of existing law" that bars HCRCA claims based on termination for failure to obtain a COVID-19 vaccination. *See Carrero*, 2024 WL 22099, at \*7; *see also Snyder*, 2023 WL 7298943, at \*9; *Glass v. Dep't of Corr.*, 203 N.E.3d 986, 990–93 (Ill. App. Ct. 2022). Because § 13.5 is a clarification of existing law, it applies retroactively to all claims pending on the effective date of § 13.5. *Krewionek*, 217 N.E.3d at 429. Plaintiff's claim is a "pending" claim, filed just one day before the effective date of § 13.5. Section 13.5 thus retroactively applies to—and defeats—Plaintiff's HCRCA claim. Accordingly, the Court holds that § 13.5 bars Plaintiff's claim under the HCRCA and grants Astellas's motion to dismiss as to Count I.

### C. Rule 5.1 of the Federal Rules of Civil Procedure Precludes the Court from Deciding Whether Section 13.5 Is Constitutional.

Plaintiff Dennard filed a separate response to Astellas's motion to dismiss in which she largely restated the Settling Plaintiffs' arguments, but added an argument that § 13.5 of the HCRCA violates the Illinois Constitution and the United States Constitution. (Dkt. 49 at 10–13.) Plaintiff contends that the "Court should disregard"

9

§ 13.5 as unconstitutional "because it . . . infringes upon Plaintiff's free exercise of religion." (Dkt. 49 at 10.) Astellas contends that Plaintiff's argument is "procedurally deficient," and the Court cannot consider the constitutionality issue because Plaintiff has failed to follow the requirements of Rule 5.1 of the Federal Rules of Civil Procedure. (Dkt. 50 at 11.)

Rule 5.1(a)(1) requires a party that "draw[s] into question the constitutionality of a federal or state statute [to] promptly file a notice of constitutional question stating the question and identifying the paper that raises it." Fed. R. Civ. P. 5.1(a)(1). The party must "serve the notice and paper on the Attorney General of the United States if a federal statute is questioned" or on the "state attorney general if a state statute is questioned." Fed. R. Civ. P. 5.1(a)(2). A court must then, under 28 U.S.C. § 2403, "certify to the appropriate attorney general that a statute has been questioned." Fed. R. Civ. P. 5.1(b). The purpose of the notice requirement is to provide the "Executive Branch both the time to make its views known and the opportunity to intervene." *Tonya K. by Diane K. v. Bd. of Educ.*, 847 F.2d 1243, 1247 (7th Cir. 1988). The attorney general has sixty days to intervene from the earlier of when notice is filed or the court has certified the issue. Fed. R. Civ. P. 5.1(c). During that intervention window, the court may "reject the constitutional challenge" but is not permitted to "enter a final judgment holding the statute unconstitutional." *Id.* Rule 5.1(d) provides that a party's failure to file and serve the notice or the court's failure to certify "does not forfeit a constitutional claim or defense that is otherwise timely asserted." Fed. R. Civ. P. 5.1(d).

10

There is no indication in the record that Plaintiff filed and served or attempted to file and serve a notice of constitutional question on either the United States Attorney General or the Illinois Attorney General. Because Plaintiff has not yet complied with the requirements of Rule 5.1, it would be premature for this Court to address the constitutionality of § 13.5. *See, e.g., Dahlstrom v. Sun-Times Media, LLC*, No. 12 C 658, 2012 WL 13042941, at *2 (N.D. Ill. Sept. 5, 2012); *Crosby v. Reg'l Transp. Auth.*, No. 07 C 6235, 2010 WL 2350707, at *2 (N.D. Ill. June 11, 2010) (citing *Max M. v. New Trier High Sch. Dist.*, 859 F.2d 1297, 1300 (7th Cir. 1988)). Although the Court declines to consider the constitutionality of § 13.5 at this time, Plaintiff's constitutionality argument is not forfeited for her failure to file and serve notice. *See* Fed. R. Civ. P. 5.1(c). As such, if Plaintiff decides to maintain her constitutional challenge, she must file a notice of constitutional question and serve the appropriate attorney general. Under 28 U.S.C. § 2403, the Court will then certify the question to the attorneys general. Under Rule 5.1(b), the United States Attorney General and the Illinois Attorney General have sixty days to intervene from the earlier of the date the Notice is filed or the issue is certified. Astellas's motion to dismiss is thus entered and continued as to the portions of Plaintiff's response that concerns her constitutionality argument.

## IV.  CONCLUSION

For the foregoing reasons, Astellas's motion to dismiss (Dkt. 44) is granted in part and entered and continued in part. Plaintiff's argument challenging the constitutionality of § 13.5 of the HCRCA survives Astellas's motion to dismiss, for

11

now. If Plaintiff chooses to proceed with her constitutionality argument, she is instructed to serve and file notice of the constitutional question to the United States Attorney General and the Illinois Attorney General in accordance with the requirements of Rule 5.1 of the Federal Rules of Civil Procedure. The Court will certify notice of Plaintiff's constitutional challenge to the appropriate attorneys general. The attorneys general will have sixty days from the earlier of the date of that order or the date when notice is filed to intervene. Astellas is instructed to answer Count II of the complaint on or before October 21, 2024.

SO ORDERED in No. 22-cv-02836.

Date: September 30, 2024

                                                JOHN F. KNESS
                                              United States District Judge